# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JESÚS HUMBERTO VEGA-RIVERA, **Petitioner,** v. UNITED STATES OF AMERICA, **Respondent.** | **Civil No.** 18-1685 (FAB) related to **Criminal No.** 15-287 (FAB) |

## OPINION AND ORDER[1]

BESOSA, District Judge.

Before the Court is Jesús Humberto Vega-Rivera's ("petitioner" or "Vega-Rivera") motion to vacate, set aside or correct his sentence in Criminal Case No. 15-287, pursuant to 28 U.S.C. section 2255 ("section 2255"), (Civil Docket Nos. 1 and 1-1);[2] Petitioner's Supplemental Brief in Support of his Motion (Civil Docket No. 1-1); the Government's Response, (Civil Docket No. 22); Petitioner's Reply to the Government's Response, (Civil Docket No. 24); and the Government's Surreply to Petitioner's Reply, (Civil Docket No. 28.)  For the reasons set forth below, the Court **DENIES** petitioner's request, and **DISMISSES with**

---

[1] Sarah Roman, a second-year student at Northwestern University School of Law, assisted in the preparation of this Opinion and Order.

[2] References to the docket will be as follows: Civil No. 18—1685 ("Civil Docket"); Criminal No. 15—287 ("Criminal Docket").

**prejudice** petitioner's motion to vacate his sentence and the accompanying filings.

## I. BACKGROUND

On April 23, 2015, Vega-Rivera was charged in a two-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. section 922(g)(1) and 924(a)(2) (count one), and possession of a machine gun in violation of 18 U.S.C. section 922(o) and 924(a)(2) (count two). (Criminal Docket No. 9)

On July 7, 2015, petitioner pled guilty to all counts pursuant to a plea agreement with the government. (Criminal Docket Nos. 22 and 23)

On November 4, 2015, the Court sentenced petitioner to a term of 57-months imprisonment for counts one and two, to be served concurrently. (Criminal Docket No. 43)

Vega-Rivera appealed the sentence, alleging procedural and substantive defects. U.S. v. Vega-Rivera, 866 F.3d 14, 16 (1st Cir. 2017). On August 2, 2017, finding the claims meritless, the First Circuit Court of Appeals affirmed the district court's sentence. Id. at 22.

On September 17, 2018, Petitioner filed a timely motion to vacate his sentence pursuant to section 2255.  (Civil Docket No. 1)[3]

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. section 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack."  David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).  Petitioner's claims which do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a defect which "fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with rudimentary demands of fair procedure."  Id.

---

[3] Section 2255's one-year time limitation starts to run when the time for seeking certiorari expires. Clay v. United States, 537 U.S. 522, 532 (2003).  The time for seeking certiorari expires ninety days from the date of the appellate judgment.  Crowley v. L.L. Bean, Inc., 361 F.3d 22, 26 (1st Cir. 2004).

**III. DISCUSSION**

In his 2255 petition, Vega-Rivera argues that he was provided ineffective assistance of counsel by both his trial counsel and his appellate counsel.

He argues that his trial counsel was ineffective for, firstly, failing to move to amend incorrect information contained in the Presentence Investigation Report ("PSR"), and secondly, by not objecting when the incorrect information was restated by the Court during his sentencing hearing. (Civil Docket No. 24) He alleges that, if not for counsel's errors, his sentence would have been more favorable.

Additionally, appellate counsel was ineffective for failing to argue that his trial counsel was ineffective. (Civil Docket No. 1-1)

**A.   Ineffective assistance of counsel**

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and
2. The deficient performance prejudiced his defense.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency under the first prong, a defendant must show that counsel's performance fell "outside the wide range of professionally competent assistance." United States

v. Manon, 608 F.3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 690). To meet the prejudice requirement under the second prong, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," and that "reasonable probability is one sufficient to undermine confidence in the outcome." Manon, 608 F.3d at 131 (quoting González-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001) (internal quotation marks omitted)). "In making the prejudice assessment, [a court] focus[es] on the fundamental fairness of the proceeding." Manon, 608 F.3d at 131-32 (internal citations and quotation marks omitted).

"Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687; see also Reyes-Vejerano v. United States, 117 F.Supp.2d 103, 106 (D.P.R. 2000) (Laffitte, J.) ("The petitioner has the burden of proving both prongs of this test, and the burden is a heavy one."). "The benchmark for judging any claim of ineffective assistance must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Therefore, the Supreme Court has

stated that "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

### 1. Ineffective Assistance of Trial Counsel

Vega-Rivera's first claim of ineffective assistance relates to a statement contained in the PSR's "Other Arrests" section. (Civil Docket No. 1-1) The PSR states that on May 26, 2012, the San Juan Superior Court charged Petitioner with possession of a firearm and that this charge was dismissed pursuant to Rule 64 of the Local Rules of Criminal Procedure. (Criminal Docket No. 33) The PSR does not state that Petitioner was ever re-charged. Id. During the sentencing hearing the Court stated that Vega-Rivera "also [had] a previous arrest on a weapons charge, and, as I indicated, as happens too many times in the local court system the charge was dismissed on speedy trial grounds but Mr. Vega was never recharged." (Criminal Docket No. 47) Petitioner alleges that he actually was recharged, and those charges were dismissed on probable cause grounds, but that this information was not included in the PSR. (Civil Docket No. 24) He argues that trial counsel should have moved to correct this oversight in the PSR and objected to the Court's remark. Id. If trial counsel had clarified that the state court charge was recharged and dismissed for lack of probable cause, then the Petitioner's sentence would

have been more favorable.[4]  Id.  Petitioner further argues that due to this error, his sentence exceeded the plea agreement recommendation.  (Civil Docket No. 1-1)  The Petitioner's allegations, however, are meritless.

Prior to sentencing, the probation officer filed the required PSR.  (Criminal Docket No. 33)  As part of the report, the probation officer calculated petitioner's Criminal History Category ("CHC") based on his prior criminal history.  Vega-Rivera's CHC was determined to be category III based on a criminal history score of six.  (Criminal Docket No. 33)  Petitioner had two prior criminal convictions for possession with intent to distribute controlled substances, which were used to calculate his criminal history score and determine his CHC category.  (Criminal Docket No. 33 at pp. 7-8)  No additional points were added to the criminal history score of six for the dismissed state court charge of weapons possession.  (Criminal Docket No. 33 at p. 8)

With a total offense level of 23 and a CHC of III, the PSR recommended a sentence guideline between 57 to 71 months.  (Criminal Docket No. 33 at p. 11)  On October 2, 2015, Petitioner filed an objection to the PSR.  (Criminal Docket No. 35)  Trial counsel argued to lower the total offense level on two grounds:

---

[4] This Court will presume that trial counsel knew the state court charge was recharged and dismissed, though petitioner does not clearly allege this, and his exhibits are untranslated.  (Civil Docket No. 1-1)

(1) defendant merits a two point decrease in the base offense level, which was granted; (2) defendant merits a two point decrease because he did not create a substantial risk of death or serious bodily injury to another person in the course of fleeing, which was not granted. (Criminal Docket Nos. 35 and 39) Trial counsel made no arguments addressing PSR's "Other Arrests" or the CHC. (Criminal Docket No. 35) The probation officer amended the PSR, lowering the base offense level by two for a recommended sentence guideline between 46 to 57 months. (Criminal Docket No. 39) On November 4, 2015, the Court sentenced Petitioner to a term of 57-months imprisonment for counts one and two. (Criminal Docket No. 43)

The plea agreement had a lower recommended sentence guideline between 37 to 46 months because it did not add an addition two points for reckless flight. (Criminal Docket No. 23 at p. 5) Petitioner argues that the trial counsel's failure to correct the PSR's "Other Arrests" section and object to the Court's reference to this portion of the PSR caused the Court to follow the PSR's recommendation as opposed to the more favorable plea agreement. (Civil Docket No. 1-1)

A review of the plea agreement clearly states in paragraph six, however, that "[d]efendant is aware that his sentence is within the sound discretion of the sentencing judge

and of the advisory nature of the Guidelines, including Guidelines Policy Statements, Application and Background Notes." (Criminal Docket No. 23 at p. 3.) Paragraph eight reads, additionally, that "[t]he parties do not stipulate any assessment as to the defendant's Criminal History Category." Id. at p. 5.

Vega-Rivera cannot allege that he did not understand these paragraphs of the plea agreement. A review of the transcript of the Change of Plea hearing clearly establishes that Petitioner was fully aware of the possibility of his sentence departing from the recommendations of the plea agreement:

> The Court: Did you [petitioner] discuss your decision to plead guilty with Ms. Plaza?
>
> Defendant: Yes.
>
> The Court: Are you fully satisfied with the counsel, representation and advice given to you by Ms. Plaza?
>
> Defendant: Yes.
>
> . . .
>
> The Court: Do you understand the terms of the plea agreement are recommendations to the Court?
>
> Defendant: Yes.
>
> The Court: Do you understand that I can reject those recommendations without permitting you to withdraw your plea of guilty?
>
> Defendant: Yes.
>
> The Court: Do you understand that I can impose a sentence on you that is either more severe or less severe than any

> sentence you may anticipate, or even the sentence that is being recommended in the plea agreement?
>
> Defendant: Yes.
>
> The Court: Do you understand that the maximum sentence for this, in your case, is 10 years?
>
> Defendant: Yes.

(Criminal Docket No. 48 at pp. 4 and 11)

There is no doubt that petitioner was fully aware that the sentence pursuant to the plea agreement was merely a recommendation to the Court and that the Court could impose a longer sentence. Id.

Petitioner also claims that the statements made during the sentence hearing prove the Court was influenced by the state court charge that was in fact recharged and dismissed. (Civil Docket No. 1-1) This presumption, however, has no factual basis. The Court is within its discretion to follow the PSR's recommendation, and a sentencing court "is not required to address [each] factor[], one by one, in some sort of rote incantation when explicating its sentencing decision." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). Furthermore, "no error results when the district judge, as occurred here, merely refers to the defendant's dismissed charges in the course of relying on certain conduct that took place in connection with the dismissed charges." United States v. Miranda-Díaz, 942 F.3d 33, 40 (1st Cir. 2019)

(quoting United States v. Mercer, 834 F.3d 39, 50 (1st Cir. 2016) (internal quotation marks omitted)); see United States v. Ramírez-Romero, 982 F.3d 35, 37 (1st Cir. 2020) (reciting dismissed charges because no probable cause was found is not improper during a sentencing hearing).

The Court added no additional points to Vega-Rivera's criminal history score for the state court charge, nor did the sentence itself exceed the amended PSR's recommendation. See United States v. Alcalá-Valadez, 462 F. App'x 729, 729-730 (9th Cir. 2011) (finding it appropriate when the district court's sentencing decision relied on the PSR's statements when imposing an above-guideline sentence); U.S. v. Ortiz-Álvarez, 921 F.3d 313, 317 (1st Cir. 2019) (holding that where the plea agreement offered a more favorable sentence, it is still appropriate for the district court to use the PSR's higher recommendation). Additionally, the First Circuit Court of Appeals found that his offense and the reckless endangerment were sufficient to justify the sentence. U.S. v. Vega-Rivera, 866 F.3d 14, 21 (1st Cir. 2017). While that court made a fleeting mention of the district court's reference to the dismissed charge, the chief part of the opinion is spent reviewing the procedural and substantive reasonableness of petitioner's sentence, and then affirming it. Id.

Although trial counsel failed to raise that the state court charge was recharged and dismissed, "merely raising potentially mitigating factors does not guarantee a particular result . . . it is incorrect to assume — as the defendant does — that his failure to persuade the court to impose a more lenient sentence implies that the mitigating factors he cites were overlooked." U.S. v. Santa-Soler, Case No. 19-1562, 2021 WL 128486, at *99 (1st Cir. Jan. 14, 2021) (internal quotations omitted) ("Although a sentencing court may be prohibited from relying on a defendant's arrest record simpliciter as an adverse sentencing factor and from drawing inferences of guilt . . . sentencing courts are not prohibited from simply recounting a defendant's arrest history." (citation omitted)).

Even if counsel fails to object to an erroneous, prejudicial finding by the district court during sentencing, that does not satisfy Strickland's two-prong test for finding ineffective assistance of counsel because there is no clear prejudice. 466 U.S. at 687; United States v. Smoot, 918 F.3d 163, 168 (D.C. Cir. 2019) (finding that under the prejudice requirement, there was no ineffective assistance of counsel when defendant could not show with "reasonable probability" that but for counsel's withholding of an objection during sentencing, the result would have been different). Vega-Rivera does not have a valid claim of

ineffective assistance of counsel because he cannot show that if counsel had amended the PSR or objected to the Court's statements made during sentencing there is "reasonable probability" his sentence would be more favorable. Strickland, 466 U.S. at 690; see Smoot, 918 F.3d at 168-169.

This claim is **DENIED**.

### 2. Ineffective Assistance of Appellate Counsel

Petitioner's second claim, that the appellate counsel failed to make the First Circuit Court of Appeals aware of the allegedly erroneous actions of his trial counsel, also fails.

Vega appealed his district court sentence arguing that: "(1) the district court improperly applied a two-level enhancement pursuant to United States Guidelines Manual ("U.S.S.G.") section 3C1.2 for reckless endangerment while fleeing from law enforcement; (2) the district court abused its discretion in imposing a curfew and electronic monitoring as conditions of his supervised release; and (3) that his sentence is substantively unreasonable." United States v. Vega-Rivera, 866 F.3d 14, 22 (1st Cir. 2017). Finding his claims without merit, the court affirmed his 57-month sentence. Id.

Petitioner cannot allege that his counsel was ineffective by failing to argue what amounts to a meritless and frivolous argument. See Jones v. Barnes, 463 U.S. 745, 754 (1983);

Cofske v. United States, 290 F.3d 437, 444-45 (1st Cir. 2002). An attorney is not obliged to raise meritless claims, and failure to do so does not render his or her legal assistance ineffective. See Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990); Brown v. United States, 42 F.Supp.2d. 122, 131 (D. Puerto Rico 1998) (Cerezo, J.).

Under the two-prong standard in Strickland, if counsel's performance is not deficient, then the claim of ineffective assistance fails. 466 U.S. at 687. "Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed. Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." Dávila v. Davis, 137 S. Ct. 2058, 2067 (2017) (citation omitted). Since petitioner's claim that trial counsel provided ineffective assistance fails, he cannot also argue that appellate counsel was ineffective for failing to make a frivolous argument. See Dávila, 137 S. Ct. at 2067. His claim that his appellate counsel was ineffective by failing to make meritless arguments is **DENIED.**

### IV. CONCLUSION

For the reasons stated, Petitioner Jesús Humberto Vega-Rivera's motion filed pursuant to 28 U.S.C. section 2255 (Civil

Docket No. 1) and his Memorandum in Support (Civil Docket No. 1-1) are **DENIED**. This case is **DISMISSED with prejudice**. Judgment shall be entered accordingly.

If Petitioner files a notice of appeal, no certificate of appealability shall issue because he has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 13, 2021.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE